1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

William M. Hogg (SBN 338196)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
whogg@mybackwages.com

*Counsel for Moore and the Day Rate Employees*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NICHOLAS MOORE**, Individually and for Others Similarly Situated,<br><br>       Plaintiff,<br><br>v.<br><br>**PATHWAYS IN EDUCATION, INC. d/b/a PATHWAYS TRAVELS**, a California corporation,<br><br>       Defendant. | Case No. _____<br><br>**ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>(1)  Failure to Pay Overtime Under the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*);<br><br>(2)  Failure to Pay Overtime & Double Time Under California Law (Cal. Lab. Code § 510 );<br><br>(3)  Failure to Authorize and Permit and/or Make Available Meal and Rest Periods Under California Law (Cal. Lab. Code §§ 226.7 and 512);<br><br>(4)  Failure to Provide Timely and Accurate Itemized Wage Statements Under California Law (Cal. Lab. Code § 226);<br><br>(5)  Waiting Time Penalties Under California Law (Cal. Lab. Code §§ 201-203);<br><br>(6)  Unlawful Business Practices Under California Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*);<br><br>(7)  Failure to Pay Overtime Under Colorado Law (C.R.S. §§ 8-4-101, *et seq.*);<br><br>(8)  Failure to Pay Earned Wages Under Colorado Law (C.R.S. §§ 8-4-101, *et seq.*) |

(9)  Failure to Pay Minimum Wages Under Colorado Law (C.R.S. §§ 8-6-101, *et seq.*);

(10) Civil Theft of Wages Under Colorado Law (C.R.S. §§ 8-6-116 and 18-4-401);

(11) Failure to Pay Overtime Under DC Law (D.C. Code §§ 32-1001, *et seq.*);

(12) Failure to Pay Earned Wages Under DC Law (D.C. Code §§ 32-1301, *et seq.*); and

(13) Failure to Pay Overtime Under Illinois Law (820 ILCS 105/1, *et seq.*).

**DEMAND FOR JURY TRIAL**

**SUMMARY**

1.      Nicholas Moore ("Moore") brings this class and collective action to recover unpaid wages and other damages from Pathways In Education, Inc. d/b/a Pathways Travels ("Pathways Travels").

2.      Pathways Travels employed Moore as one of its Day Rate Employees (defined below) across the country, including California, Colorado, Illinois, and the District of Columbia.

3.      Moore and the other Day Rate Employees regularly worked overtime.

4.      But Pathways Travels did not pay Moore and its other Day Rate Employees overtime.

5.      Instead, Pathways Travels misclassified Moore and its other Day Rate Employees as exempt teachers and paid them a flat amount for each day worked, regardless of the total number of hours they worked in a workweek (a "day rate").

6.      But Pathways Travels is not an educational establishment; it's a travel company geared towards students.

7.      And Pathways Travels did not employ Moore and its other Day Rate Employees as *bona fide* teachers in an educational establishment.

8.      Pathways Travels' uniform day rate pay scheme violates the Fair Labor Standards Act ("FLSA"); the California Labor Code and applicable IWC Wage Order(s); the Colorado Wage Claim Act ("CWCA"), the Colorado Minimum Wage Act ("CMWA"), and their implementing regulations, the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order") (collectively, the "Colorado Wage Laws"); the DC Minimum Wage Act ("DCMWA"); and the Illinois Minimum Wage Law ("IMWL") by depriving Moore and the other Day Rate Employees of overtime for their overtime hours worked.

9.      Likewise, Pathways Travels' uniform day rate pay scheme violates the California Labor Code and applicable IWC Wage Order(s) by depriving Moore and the other Day Rate Employees of double time for their double time hours worked.

10.     Pathways Travels' uniform day rate pay scheme also violates the California Labor Code and applicable IWC Wage Order(s), the Colorado Wage Laws, and the DC Wage Payment and

1    Collection Law ("DCWPCL") by depriving Moore and the other Day Rate Employees of earned wages

2    on their regular paydays and/or upon termination of their employment.

3        11.    Pathways Travels' uniform day rate pay scheme also violates the wage statement

4    provisions of the California Labor Code and applicable IWC Wage Order(s) by depriving Moore and

5    the other Day Rate Employees of wage statements that accurately reflect their overtime wages, double

6    time wages, gross wages, net wages, and hours worked.

7        12.    Further, In addition to depriving Moore and the other Day Rate Employees overtime

8    and double time, Pathways Travels also fails to provide them with compliant meal and rest periods.

9        13.    Instead, Pathways Travels requires Moore and its other Day Rate Employees to remain

10    on-duty throughout their shifts and continuously subjects them to work interruptions during their

11    attempted meal and rest periods.

12        14.    Pathways Travels' failure to provide Moore and its other Day Rate Employees with

13    *bona fide* meal and rest periods violates the meal and rest period provisions of the California Labor

14    Code and applicable IWC Wage Order(s).

15        15.    But Pathways Traves also fails to pay Moore and its other Day Rate Employees the

16    required one hour of premium pay (at their regular rates) for each day they were denied an off-duty

17    meal or rest period in violation of the California Labor Code and applicable IWC Wage Order(s).

18        16.    Finally, Pathway Travels' illegal employment practices violate California's Unfair

19    Competition Law ("UCL") by practicing, employing, and utilizing the employment practices outlined

20    above and knowingly denying Moore and the other Day Rate Employees: (1) overtime wages; (2)

21    double time wages; and (3) accurate, itemized wage statements.

22                                     **JURISDICTION & VENUE**

23        17.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because

24    this case involves a federal question under the FLSA, 29 U.S.C. § 216(b).

25        18.    This Court also has supplemental jurisdiction over the state-law subclass claims

26    because they arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

27

28

ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Moore v. Pathways In Education, Inc. d/b/a Pathways Travels*

19.     This Court has general personal jurisdiction over Pathways Travels because Pathways Travels is a domestic corporation with its principal place of business located in California.

20.     Venue is proper in this District because a substantial portion of the events or omissions giving rise to this action occurred in this District. 28 U.S.C. § 1391(b)(2).

21.     Specifically, Moore occasionally worked for Pathways Travels in Mendocino County, California.

**INTRADISTRICT ASSIGNMENT**

22.     Assignment of this case to the Eureka Division is proper because a substantial portion of the events or omissions giving rise to this action occurred in Mendocino County. Civil L.R. 3-2(f).

**PARTIES**

23.     Moore worked for Pathways Travels as an experiential learning educator from approximately February 2022 through March 2023.

24.     Throughout his employment, Pathways Travels misclassified Moore as exempt and refused to pay him overtime.

25.     Instead, Pathways Travels paid Moore according to its illegal day rate pay scheme.

26.     Moore's written consent is attached as **Exhibit 1**.

27.     Moore brings this class and collective action on behalf of himself and all other similarly situated Pathways Travels employees paid a day rate with no overtime.

28.     Pathways Travels misclassified each of these employees as exempt and refused to pay them overtime.

29.     Instead, Pathways Travels paid each of these employees a day rate with no overtime in violation of the FLSA, the California Labor Code (and applicable IWC Wage Orders), the Colorado Wage Laws, the DCMWA, the DCWPCL, and the IMWL.

30.     The FLSA Collective of similarly situated employees is defined as:

> **All Pathways Travels employees who were paid a day rate with no overtime at any time during the past 3 years (the "FLSA Collective Members").**

ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Moore v. Pathways In Education, Inc. d/b/a Pathways Travels*

31.    Moore also seeks to represent a class under the California Labor Code (and applicable IWC Wage Orders) pursuant to FED. R. CIV. P. 23.

32.    The California Class of similarly situated employees is defined as:

**All Pathways Travels employees in California who were paid a day rate with no overtime at any time during the past 4 years (the "California Class Members").**

33.    Moore also seeks to represent a class under the Colorado Wage Laws pursuant to FED. R. CIV. P. 23.

34.    The Colorado Class of similarly situated employees is defined as:

**All Pathways Travels employees in Colorado who were paid a day rate with no overtime at any time during the past 6 years (the "Colorado Class Members").**

35.    Moore also seeks to represent a class under the DCMWA and DCWPCL pursuant to FED. R. CIV. P. 23.

36.    The DC Class of similarly situated employees is defined as:

**All Pathways Travels employees in the District of Columbia who were paid a day rate with no overtime at any time during the past 3 years (the "DC Class Members").**

37.    Moore also seeks to represent a class under the IMWL pursuant to FED. R. CIV. P. 23.

38.    The Illinois Class of similarly situated employees is defined as:

**All Pathways Travels employees in Illinois who were paid a day rate with no overtime at any time during the past 3 years (the "Illinois Class Members").**

39.    The FLSA Collective Members, California Class Members, Colorado Class Members, DC Class Members, and Illinois Class Members are collectively referred to as the "Day Rate Employees."

40.    Pathways Travels is a California corporation with its principal place of business located in Pasadena, California.

41.    Pathways Travels can be served through its registered agent: **John C. Hall, 320 North Halstead Street, Suite 280, Pasadena, California 91107**.

/ / /

/ / /

**FLSA COVERAGE**

42.    At all relevant times, Pathways Travels was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

43.    At all relevant times, Pathways Travels was an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

44.    At all relevant times, Pathways Travels was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as phones, computers, pens, paper, etc.—that have been moved in or produced for commerce.

45.    At all relevant times, Pathways Travels has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

46.    At all relevant times, the Day Rate Employees were Pathways Travels' "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

47.    At all relevant times, the Day Rate Employees were engaged in commerce or in the production of goods for commerce.

48.    Pathways Travels uniformly misclassified its Day Rate Employees as exempt and paid them a day rate with no overtime.

49.    Pathways Travels applied its illegal day rate pay scheme to the Day Rate Employees regardless of any alleged individualized factors, such as specific job title or precise geographic location.

50.    As a result of its illegal day rate pay scheme, Pathways failed to pay non-exempt employees (Moore and its other Day Rate Employees) overtime when they worked more than 40 hours in a week.

51.    Pathways Travels' uniform day rate pay scheme therefore violates the FLSA. 29 U.S.C. § 207(a) & (e).

///

# FACTS

52.    Pathways Travels bills itself as "a trusted and proven operator of multi-day trips for teenagers."[1]

53.    Pathways Travels is not an educational establishment or educational institution.

54.    Pathways Travels is not an elementary or secondary school system.

55.    Pathways Travels is not an institution of higher education.

56.    Pathways Travels is not a special school for disabled or gifted children.

57.    Pathways Travels is not a post-secondary career program.

58.    Pathways Travels is not accredited by any state's education system.

59.    Pathways Travels is not accredited by any nationally recognized accrediting organization for career schools.

60.    Rather, as Pathways Travels advertises, it is a "travel agency."[2]

61.    Specifically, Pathways Travels offers both in-person and virtual travel programs across the country and abroad geared towards underserved, at-risk youth.[3]

62.    These travel programs include 11-day trips to Blackbird Farm in Philo, California;[4] 11-day trips to Pathways Ranch in the Rocky Mountains;[5] 4- to 6-day college tours of universities, community colleges, and HBCU's in California, Oregon, Washington, Arizona, New Mexico, Illinois, and the East Coast;[6] 6-day tours of Washington, DC;[7] and 3- to 5-day volunteer and service projects across the country.[8]

63.    Pathways Travels operates, and provides these various travel programs, year-round.

64.    While Pathways Travels markets its travel programs as "experiential learning" opportunities, they are not educational or academic in nature.

---

[1]    https://pathwaystravels.org/how-it-works/ (last visited March 28, 2024).
[2]    https://www.facebook.com/pieadventures/ (last visited March 28, 2024).
[3]    *See* https://pathwaystravels.org/2021/03/11/virtual-programs/ (last visited March 28, 2024); https://pathwaystravels.org/programs/; https://pathwaystravels.org/our-history/ (last visited March 28, 2024).
[4]    *See* https://pathwaystravels.org/programs/blackbird-farm/ (last visited March 28, 2024).
[5]    *See* https://pathwaystravels.org/programs/rmpr/ (last visited March 28, 2024).
[6]    *See* https://pathwaystravels.org/programs/college-tour/ (last visited March 28, 2024).
[7]    *See* https://pathwaystravels.org/programs/washington-d-c (last visited March 28, 2024).
[8]    *See* https://pathwaystravels.org/programs/service-learning/ (last visited March 28, 2024).

65.      For example, a typical day of Pathways Travels' Camp Blackbird program in California starts at 7:30 AM and ends at 10:00 PM, during which attendees practice archery, go hiking and canoeing, play out-of-the-box sports, and complete ropes courses:[9]





66.      Similarly, a typical day of Pathways Travels' Rocky Mountain Ranch program in Colorado starts at 7:00 AM and ends at 10:30 PM, during which attendees go horseback riding, rock climbing, hiking, snowshoeing, and fly fishing:[10]



/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[9]  *See* https://pathwaystravels.org/programs/blackbird-farm/ (last visited March 28, 2024).
[10] *See* https://pathwaystravels.org/programs/rmpr/ (last visited March 28, 2024).

67.    Likewise, a typical day of Pathways Travels' college tours program starts at 8:30 AM and ends at 10:30 PM, during which students tour college campuses and hear about the admissions process, degree programs, and campus life:[11]





68.    While some of Pathways Travels' programs are *hosted* at campgrounds, like Camp Blackbird, Pathways Travels is not a recreational or amusement establishment, nor is it an organized camp.

69.    In fact, neither Pathways Travels nor the "camps" it partners with to host certain programs are accredited by the American Camp Association.

70.    Again, Pathways Travels is merely a travel agency that provides travel planning and logistics, transportation, housing accommodation, and chaperoned trips to teens in cities across the globe:[12]



[11] *See* https://pathwaystravels.org/programs/college-tour/ (last visited March 28, 2024).
[12] *See* https://pathwaystravels.org/how-it-works/ (last visited March 28, 2024).

71.     To meet its business objectives, Pathways Travels employs workers, like Moore and the other Day Rate Employees, who facilitate its various travel programs.

72.     Pathways Travels uniformly classifies its Day Rate Employees as exempt and refuses to pay them overtime.

73.     Instead, Pathways Travels pays its Day Rate Employees a day rate with no overtime.

74.     While exact job titles and precise job duties may differ, these employees are subjected to the same or similar pay practice—Pathways Travels' illegal day rate pay scheme—for similar work.

75.     For example, Moore worked for Pathways Travels as an experiential learning educator from approximately February 2022 through March 2023.

76.     During his employment, Moore worked on Pathways Travels programs in California, Colorado, DC, Illinois, Indiana, Nevada, Wisconsin, as well as Italy and Mexico.

77.     As an experiential learning educator, Moore's primary responsibilities included traveling with and overseeing the teens attending Pathways Travels' programs, facilitating programs in accordance with Pathways Travels' curriculum, and supporting the programs' tour guides.

78.     Moore was not required to be a licensed or certified teacher to be hired and work for Pathways Travels, even as a so-called "experiential learning educator."

79.     And Moore was not a licensed or certified teacher in any state while employed with Pathways Travels.

80.     Likewise, Pathways Travels did not require Moore to have an advanced degree in teaching or education as a standard prerequisite to become an experiential learning educator.

81.     Indeed, Moore did not have an advanced degree in teaching or education.

82.     This is because Pathways Travels is not an educational establishment or institution.

83.     Throughout his employment, Moore regularly worked overtime (and double time).

84.     Moore typically worked 12 to 16 hours a day for 7 days (or 84 to 112 hours) a week.

85.     Moore worked in accordance with the schedule set by Pathways Travel.

86.     Despite knowing Moore regularly worked overtime (and double time), Pathways Travels did not pay him overtime (or double time) wages.

87.     Instead, Pathways Travels misclassified Moore as exempt and paid him $175 each day he actually worked, regardless of the number of hours he worked that day (or that week).

88.     Pathways Travels failed to pay Moore overtime for his overtime hours worked in violation of the FLSA and state wage and hour laws.

89.     Pathways Travels also failed to pay Moore double time for his double time hours worked in violation of California law.

90.     As a result, Pathways failed to pay Moore these earned wages on his regular paydays and upon the termination of his employment in violation of California, Colorado, and DC law.

91.     Thus, Pathways Travels also failed to provide Moore with itemized wage statements that accurately reflected his overtime wages, double time wages, gross wages, net wages, or hours worked in violation of California law.

92.     Finally, because Moore's work overseeing teens in Pathways Travels' programs was constant, he did not receive off-duty meal and rest periods in violation of California law.

93.     As such, even though Pathway Travels' rigorously-scheduled workdays set out specific times for breakfast, lunch, and dinner each workday, as a practical reality of Moore's job duties overseeing and monitoring the teens left to their chaperonage, he was unable to be relieved of all work duties during such lunch and dinner time periods as required by California law.

94.     Similarly, because Moore was entrusted to monitor and ensure the safety of teens left to their care, he was not realistically relieved of work duties for rest periods as required by California law.

95.     Further, Pathways Travel did not take any affirmative efforts to ensure Moore was provided with or receive rest periods during which he was completely relieved of work duties as required by California law.

96.     Pathways Travel also did not ensure Moore was provided with rest periods in a timely manner as required by California law.

97.     But Pathways Travels also failed to pay him the required one-hour of premium pay for each day it denied him a compliant meal or rest period in violation of California law.

98.    Pathways Travels pays its other Day Rate Employees according to the same illegal day rate pay scheme it imposed on Moore.

99.    Pathways Travels pays its other Day Rate Employees (like Moore) on a day rate basis and fails to pay them overtime when they work more than 40 hours in a week.

100.    Like Moore, the other Day Rate Employees typically work 12 to 16 hours a day for 7 days (or 84 to 112 hours) a week.

101.    The Day Rate Employees (like Moore) work in accordance with the schedule set by Pathways Travels.

102.    Despite knowing its Day Rate Employees regularly work overtime (and double time), Pathways Travels does not pay them overtime (or double time) wages.

103.    Instead, Pathways Travels misclassified its Day Rate Employees (like Moore) as exempt and pays them a flat amount for each day worked, regardless of the number of hours they worked that day (or that workweek).

104.    Pathways Travels does not pay its Day Rate Employees (like Moore) overtime wages when they work overtime in violation of the FLSA and state wage and hour laws.

105.    Nor does Pathways Travels pay its Day Rate Employees (like Moore) double time wages when they work double time in violation of California law.

106.    As a result, Pathways fails to pay its Day Rate Employees (like Moore) these earned wages on their regular paydays and/or upon the termination of their employment in violation of California, Colorado, and DC law.

107.    And Pathways Travels fails to provide its Day Rate Employees (like Moore) with itemized wage statements that accurately reflect their overtime wages, double time wages, gross wages, net wages, or hours worked in violation of California law.

108.    Despite misclassifying its Day Rate Employees (like Moore) as exempt, Pathways Travels never paid Moore and its other Day Rate Employees on a "salary basis."

109.    Pathways Travels does not pay its Day Rate Employees (like Moore) a guaranteed salary that is not subject to reduction based on the quality or quantity worked.

110. Pathways Travels only pays its Day Rate Employees (like Moore) their set day rates for the actual days they work.

111. If Moore and the other Day Rate Employees do not work, they do not get paid.

112. The Day Rate Employees' day rates do not increase when they work overtime (or double time).

113. Thus, Pathways Travels never paid its Day Rate Employees (like Moore) on a "salary basis." *See Helix Energy Sols. Grp., Inc. v. Hewitt*, 598 U.S. 39, 143 S. Ct. 677, 685 (2023) ("Daily-rate workers, of whatever income level, are paid on a salary basis only through the test set out in § 604(b)"); *see also* 29 C.F.R. § 541.604.

114. Further, like Moore, the other Day Rate Employees are not required to be licensed or certified teachers to work for Pathways Travels.

115. Likewise, Pathways Travels does not require its Day Rate Employees (like Moore) to have an advanced degree in teaching or education as a standard prerequisite.

116. This is because, like Moore, the other Day Rate Employees do not work for an educational establishment or institution.

117. Because Pathways Travels fails to pay Moore and the other Day Rate Employees on a "salary basis" and these employees do not work for an educational establishment, they are all non-exempt employees entitled to overtime (and double time).

118. But under its uniform, illegal day rate pay scheme, Pathways Travels does not pay Moore and its other Day Rate Employees overtime (or double time) in violation of the FLSA and state wage and hour laws.

119. Finally, because the Day Rate Employees' work overseeing teens in Pathways Travels' programs is constant, they do not receive off-duty meal and rest periods in violation of California law.

120. As such, even though Pathway Travels' rigorously-scheduled workdays sets out specific times for breakfast, lunch, and dinner each workday, as a practical reality of Day Rate Employees' job duties overseeing and monitoring the teens left to their chaperonage, they are unable

1  to be relieved of all work duties during such lunch and dinner time periods as required by California

2  law.

3    121.    Similarly, because Day Rate Employees are entrusted to monitor and ensure the safety

4  of teens left to their care, they are not realistically relieved of work duties for rest periods as required

5  by California law.

6    122.    Further, Pathways Travel does not take any affirmative efforts to ensure Day Rate

7  Employees are provided with or receive rest periods during which they are completely relieved of

8  work duties as required by California law.

9    123.    Pathways Travel also does not ensure its Day Rate Employees are provided with rest

10 periods in a timely manner as required by California law.

11    124.    But Pathways Travels also fails to pay its Day Rate Employees the required one-hour

12 of premium pay for each day it denied them a compliant meal or rest period in violation of California

13 law.

14                    **CLASS & COLLECTIVE ACTION ALLEGATIONS**

15    125.    Moore incorporates all other paragraphs by reference.

16    126.    Like Moore, the other Day Rate Employees are uniformly victimized by Pathways

17 Travels' uniform, illegal day rate pay scheme.

18    127.    Other Day Rate Employees worked with Moore and indicated they were paid in the

19 same manner, performed similar work, and were subject to Pathways Travels' same illegal day rate

20 pay scheme.

21    128.    Based on his experience with Pathways Travels, Moore is aware Pathways Travels'

22 illegal day rate pay scheme was imposed on the other Day Rate Employees.

23    129.    The Day Rate Employees are similarly situated in the most relevant respects.

24    130.    Even if their precise job duties and locations might vary, these differences do not matter

25 for the purposes of determining their entitlement to overtime pay, double time pay, and accurate wage

26 statements.

27

28

131.    Any relevant exemption defenses would require Pathways Travels to be an educational establishment and/or to pay the Day Rate Employees on a "salary basis."

132.    Because Pathways Travels is not an educational establishment and fails the "salary basis" test with respect to the Day Rate Employees, the specific job duties performed by those employees are largely irrelevant.

133.    The only *relevant* inquiries are whether the Day Rate Employees were paid a day rate with no overtime (which, by definition, they were).

134.    Therefore, the specific job titles or precise job locations of the various Day Rate Employees do not prevent class or collective treatment.

135.    Rather, Pathways Travels' uniform day rate pay scheme renders Moore and the other Day Rate Employees similarly situated for the purposes of determining their right to overtime pay, double time pay, and accurate wage statements.

136.    Pathways Travels' records reflect the number of hours and/or days the Day Rate Employees worked each week.

137.    Pathways Travels' records also show it paid its Day Rate Employees a flat amount each day, regardless of the number of hours worked that day (or that week).

138.    The back wages owed to Moore and the other Day Rate Employees can therefore be calculated using the same formula applied to the same records.

139.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Pathways Travels' records, and there is no detraction from the common nucleus of liability facts.

140.    Therefore, the issue of damages does not preclude class or collective treatment.

141.    Moore's experiences are therefore typical of the experiences of the other Day Rate Employees.

142.    Moore has no interest contrary to, or in conflict with, the Day Rate Employees that would prevent class or collective treatment.

143.    Like each Day Rate Employee, Moore has an interest in obtaining the unpaid wages owed under federal and state law.

144.    Moore and his counsel will fairly and adequately protect the interests of the Day Rate Employees.

145.    Indeed, Moore retained counsel with significant experience in handling complex class and collective actions.

146.    A class and collective action is superior to other available means for fair and efficient adjudication of this lawsuit.

147.    Absent this class and collective action, many Day Rate Employees will not obtain redress for their injuries, and Pathways Travels will reap the unjust benefits of violating federal and state wage and hour laws.

148.    Further, even if some of the Day Rate Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

149.    The multiplicity of actions would create a hardship to the Day Rate Employees, to the Court, and to Pathways Travels.

150.    Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Day Rate Employees' claims.

151.    The questions of law and fact that are common to each Day Rate Employee predominate over any questions affecting solely the individual members.

152.    The common questions of law and fact include:

    a.    Whether Pathways Travels' day rate pay scheme satisfies the "salary basis" test;

    b.    Whether Pathways Travels failed to pay its Day Rate Employees overtime wages for their overtime hours worked;

    c.    Whether Pathways Travels failed to pay its Day Rate Employees double time wages for their double time hours worked;

d.      Whether Pathways Travels failed to pay its Day Rate Employees earned wages on their regular paydays and/or upon termination of their employment;

e.      Whether Pathways Travels failed to provide its Day Rate Employees with accurate, itemized wage statements;

f.      Whether Pathways Travels failed to provide its Day Rate Employees with compliant meal and rest periods;

g.      Whether Pathways Travels' decision not to pay overtime was made in good faith;

h.      Whether Pathways Travels' decision not to pay double time was made in good faith;

i.      Whether Pathways Travels' decision not to pay earned wages was made in good faith;

j.      Whether Pathways Travels' decision not to provide accurate, itemized wage statements was made in good faith; and

k.      Whether Pathways Travels' violations were willful.

153.    Moore knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

154.    Pathways Travels' illegal day rate pay scheme deprived Moore and the other Day Rate Employees of the earned wages, overtime pay, double time pay, and accurate wage statements they are owed under federal and/or state law.

155.    There are many similarly situated Day Rate Employees who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

156.    The Day Rate Employees are known to Pathways Travels, are readily identifiable, and can be located through Pathways Travels' business and personnel records.

///

**PATHWAYS TRAVELS' VIOLATIONS WERE WILLFUL AND/OR DONE IN RECKLESS DISREGARD OF FEDERAL & STATE WAGE AND HOUR LAWS**

157.    Moore incorporates all other paragraphs by reference.

158.    Pathways Travels knew it was subject to the FLSA's overtime provisions.

159.    Pathways Travels knew the FLSA required it to pay non-exempt employees, including the Day Rate Employees, overtime at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

160.    Pathways Travels knew it was subject to the California Labor Code and IWC Wage Orders' overtime provisions.

161.    Pathways Travels knew the California Labor Code (and applicable IWC Wage Orders) required it to pay non-exempt employees, including the Day Rate Employees, overtime at rates not less than 1.5 times their regular rates of pay for all hours worked after 8 in a workday and 40 in a workweek.

162.    Pathways Travels knew it was subject to the California Labor Code and IWC Wage Orders' double time provisions.

163.    Pathways Travels knew the California Labor Code (and applicable IWC Wage Orders) required it to pay non-exempt employees, including the Day Rate Employees, double time at rates not less than 2 times their regular rates of pay for all hours worked after 12 in a workday and 8 on a seventh consecutive workday.

164.    Pathways Travels knew it was subject to the Colorado Wage Laws' overtime provisions.

165.    Pathways Travels knew the Colorado Wage Laws required it to pay non-exempt employees, including the Day Rate Employees, overtime at rates not less than 1.5 times their regular rates of pay for all hours worked after 12 in a workday and 40 in a workweek.

166.    Pathways Travels knew each Day Rate Employee worked more than 40 hours in at least one workweek during relevant period(s).

167.    Pathways Travels knew each Day Rate Employee worked more than 8 hours in at least one workday during relevant period(s).

168.    Pathways Travels knew each Day Rate Employee worked more than 12 hours in at least one workday during relevant period(s).

169.    Pathways Travels knew each Day Rate Employee worked more than 8 hours in at least one seventh consecutive workday during relevant period(s).

170.    Pathways Travels knew it paid its Day Rate Employees on a daily basis.

171.    Pathways Travels knew it paid its Day Rate Employees a flat day rate for each day they actually worked (with no overtime or double time wages).

172.    Pathways Travels knew it did not pay its Day Rate Employees on a "salary basis."

173.    Pathways Travels knew it did not pay its Day Rate Workers any guaranteed salary that was not subject to reduction based on the number of days worked.

174.    Pathways Travels knew that any base "salary" its Day Rate Workers purportedly received was not "reasonably related" to their actual earnings.

175.    Thus, Pathways Travels knew its day rate pay scheme did not satisfy the "salary basis" test.

176.    Pathways Travels knew it was not an elementary or secondary school system.

177.    Pathways Travels knew it was not an institution of higher education.

178.    Pathways Travels knew it was not a special school for disabled or gifted children.

179.    Pathways Travels knew it was not a post-secondary career program.

180.    Pathways Travels knew it was not accredited by any state's education system.

181.    Pathways Travels knew it was not accredited by any nationally recognized accrediting organization for career schools.

182.    Thus, Pathways Travels knew it was not an educational establishment.

183.    Pathways Travels knew it did not require its Day Rate Employees to be a licensed or certified teacher as a standard prerequisite for employment.

184.    Pathways Travels knew it did not require its Day Rate Employees to have an advanced degree in teaching or education as a standard prerequisite for employment.

185.    Pathways Travels knew it operated year-round.

186.    Pathways Travels knew its Day Rate Employees were not seasonal employees.

187.    Pathways Travels knew it was not a recreational or amusement establishment.

188.    Pathways Travels knew it was not an organized camp.

189.    Thus, Pathways Travels knew, should have known, or recklessly disregarded whether its Day Rate Employees were non-exempt employees.

190.    Nonetheless, Pathways Travels uniformly misclassified its Day Rate Employees as exempt and refused to pay them overtime (and double time).

191.    Pathways Travels knew the California Labor Code and applicable IWC Wage Order(s), and the Colorado Wage Laws prohibited it from withholding earned wages from its employees, including the Day Rate Employees.

192.    Nonetheless, Pathways Travels withheld earned wages (in the form of earned overtime and double time) from its Day Rate Employees.

193.    In other words, Pathways Travels failed to pay its Day Rate Employees earned wages on their regular pay days and/or upon termination of their employment.

194.    Pathways Travels knew the California Labor Code and applicable IWC Wage Order(s) required it to provide employees, including its Day Rate Employees, with accurate, itemized wage statements.

195.    Nonetheless, Pathways Travels knew the wage statements it provided to its Day Rate Employees did not accurately reflect their overtime and double time earned, gross wages earned, and net wages earned.

196.    Pathways Travels knew, should have known, or recklessly disregarded whether its conduct described in this Complaint violated the FLSA, the California Labor Code (and applicable IWC Wage Orders), the Colorado Wage Laws, the DCMWA, the DCWPCL, and the IMWL.

197.    Pathways Travels knowingly, willfully, and/or in recklessly disregard carried out its illegal day rate pay scheme that systematically deprived its Day Rate Employees of earned wages, overtime, double time, and accurate wage statements in violation of federal and state wage and hour laws.

**PATHWAYS TRAVELS' VIOLATIONS WERE NOT DONE IN GOOD FAITH**

198.    Moore incorporates all other paragraphs by reference.

199.    Pathways Travels did not seek the advice of counsel regarding classifying its Day Rate Employees as exempt.

200.    Pathways Travels did not receive advice from counsel regarding classifying its Day Rate Employees as exempt.

201.    Pathways Travels did not rely on the advice of counsel in deciding to classify its Day Rate Employees as exempt.

202.    Pathways Travels did not seek the advice of counsel regarding paying its Day Rate Employees a day rate with no overtime (or double time).

203.    Pathways Travels did not receive advice from counsel regarding paying its Day Rate Employees a day rate with no overtime (or double time).

204.    Pathways Travels did not rely on the advice of counsel in deciding to pay its Day Rate Employees a day rate with no overtime (or double time).

205.    Pathways Travels did not investigate whether its day rate pay scheme satisfied the "salary basis" test.

206.    Pathways Travels did not investigate whether it qualified as an "educational establishment."

207.    Pathways Travels did not investigate whether it qualified as a "recreational or amusement establishment."

208.    Pathways Travels did not investigate whether its Day Rate Employees were non-exempt.

209.    Pathways Travels' decision to misclassify its Day Rate Employees as exempt was neither reasonable nor made in good faith.

210.    Pathways Travels' decision not to pay its Day Rate Employees overtime was neither reasonable nor made in good faith.

211.    Pathways Travels' decision not to pay its Day Rate Employees double time was neither reasonable nor made in good faith.

212.    Pathways Travels' decision to withhold earned wages from its Day Rate Employee was neither reasonable nor made in good faith.

213.    Pathways Travels' decision not to provide its Day Rate Employees with accurate, itemized wage statements was neither reasonable nor made in good faith.

<u>COUNT I</u>
**FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA**
**(FLSA COLLECTIVE)**

214.    Moore incorporates all other paragraphs by reference.

215.    Moore brings his FLSA claim as a collective action on behalf of himself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

216.    Pathways Travels violated, and is violating, the FLSA by employing non-exempt employees (Moore and the other FLSA Collective Members) in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates not less than 1.5 times their regular rates of pay for the hours they worked after 40 in a workweek.

217.    Pathways Travels' unlawful conduct harmed Moore and the other FLSA Collective Members by depriving them of the overtime wages they are owed.

218.    Accordingly, Pathways Travels owes Moore and the other FLSA Collective Members the difference between the rate actually paid and the proper overtime rate.

219.    Because Pathways Travels knew, or showed reckless disregard for whether, its day rate pay scheme violated the FLSA, Pathways Travels owes these wages for at least the past 3 years.

220.    Pathways Travels is also liable to Moore and the other FLSA Collective Members for an additional amount equal to all their unpaid wages as liquidated damages.

221.    Finally, Moore and the other FLSA Collective Members are entitled to recover all reasonable attorney's fees and costs incurred in this action.

///

///

<u>**COUNT II**</u>
**FAILURE TO PAY OVERTIME & DOUBLE TIME UNDER CALIFORNIA LAW**
**(CALIFORNIA CLASS)**

222.   Moore incorporates all other paragraphs by reference.

223.   Moore brings his overtime and double time claims under the California Labor Code and IWC Wage Order(s) as a class action on behalf of himself and the other California Class Members pursuant to FED. R. CIV. P. 23.

224.   At all relevant times, Pathways Travels was subject to the Labor Code and applicable IWC Wage Order(s) because Pathways Travels was (and is) an "employer" within the meaning of the Labor Code and applicable IWC Wage Order(s).

225.   At all relevant times, Pathways Travels employed Moore and the other California Class Members as its covered "employees" within the meaning prescribed in the Labor Code and applicable IWC Wage Order(s).

226.   Moore and the other California Class Members are entitled to overtime and double time under the Labor Code and applicable IWC Wage Order(s).

227.   Labor Code § 510(a) provides:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

228.   IWC Wage Order 17-2001(4) states that employees:

> . . . shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than … [o]ne and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek….

229.   Labor Code § 1194(a) provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

230.    Labor Code § 1198 prohibited Pathways Travels from employing the California Class Members under conditions that violate the IWC Wage Order(s).

231.    Despite regularly working over 8 hours a day and 40 hours in a workweek as part of their normal and regular schedules, Pathways Travels did not pay Moore and the other California Class Members overtime at rates not less than 1.5 times their regular rates of pay for their overtime hours worked.

232.    Despite regularly working over 12 hours a day and 8 hours on a seventh consecutive workday as part of their normal and regular schedules, Moore and the other California Class Members did not receive double time wages at rates not less than 2 times their regular rates of pay for their double time hours worked.

233.    Pathways Travels' unlawful conduct harmed Moore and the other California Class Members by depriving them of the overtime and double time wages they are owed under California law.

234.    Accordingly, Pathways Travels owes Moore and the other California Class Members the unpaid balance of the full amount of overtime and double time wages owed, plus an equal amount as liquidated damages, and interest at the highest applicable rates.

235.    Finally, Moore and the other California Class Members are entitled to recover their reasonable attorney's fees and costs incurred in this action.

### COUNT III
### FAILURE TO PROVIDE MEAL & REST PERIODS UNDER CALIFORNIA LAW
### (CALIFORNIA CLASS)

236.    Moore incorporates all other paragraphs by reference.

237.    Moore brings his meal and rest period claim under the California Labor Code and IWC Wage Order(s) as a class action on behalf of himself and the other California Class Members pursuant to FED. R. CIV. P. 23.

238.    At all relevant times, Pathways Travels was subject to the Labor Code and applicable IWC Wage Order(s) because Pathways Travels was (and is) an "employer" within the meaning of the Labor Code and applicable IWC Wage Order(s).

239.    At all relevant times, Pathways Travels employed Moore and the other California Class Members as its covered "employees" within the meaning prescribed in the Labor Code and applicable IWC Wage Order(s).

240.    At all relevant times, Moore and the other California Class Members were entitled to compliant, *bona fide* meal and rest periods under the California Labor Code and applicable IWC Wage Order(s).

241.    Sections 226.7 and 512 of the California Labor Code require employers, like Pathways Travels, to authorize and permit meal and rest periods to their employees, including Moore and the other California Class Members.

242.    Specifically, employers, like Pathways Travels, must provide employees, including Moore and the other California Class Members, one uninterrupted 30-minute meal period when they work more than 5 hours per day and a second uninterrupted 30-minute meal period when they work more than 10 hours in day.

243.    Similarly, employers, like Pathways Travels, to authorize and permit employees, including Moore and the other California Class Members, to take 10 minutes of net rest time per 4 hours (or major fraction thereof) of work, and to pay employees their full wages during those rest periods.

244.    Unless employees are relieved of all duties during their 30-minute meal period(s) and 10-minute rest period(s), the employees are considered "on duty," and the meal/rest period must be counted as time worked under the applicable IWC Wage Order(s).

245.    Pursuant to Section 226.7(b) of the California Labor Code and applicable IWC Wage Order(s), employers, like Pathways Travels, who fail to provide employees, including Moore and the other California Class Members, with a required meal and/or rest period must, as compensation, pay

1  the employee one hour of pay at the respective employee's regular rate for each day that the meal

2  and/or rest period was not authorized or permitted.

3      246.    Pathways Travels routinely failed to make meal and rest periods available to Moore

4  and the other California Class Members.

5      247.    Despite long days regularly lasting more than 12 hours, Moore and the other California

6  Class Members are often unable to take a meal break, prevented from timely taking a meal break, are

7  otherwise subject to interruption during their meal breaks, and/or are frequently interrupted during

8  their attempted meal breaks.

9      248.    Similar to meal periods, at all relevant times, Pathways Travels regularly failed to make

10  rest periods available to Moore and the Straight Time Employees.

11      249.    When available, if ever, Moore's and the Straight Time Employees' rest periods were

12  often not compliant; rather, their rest periods were generally untimely and/or short.

13      250.    But Pathways Travels does not pay Moore and other California Class Members one

14  hour of premium pay (at their regular rates of pay) for their missed meal and rest breaks as required

15  by California law.

16      251.    Pathways Travels' conduct therefore violates Labor Code §§ 226.7 and 512.

17      252.    Pathways Travels' unlawful conduct harmed Moore and the other California Class

18  Members by depriving them of compliant meal and rest periods, as well as premium pay for denied

19  meal and rest periods.

20      253.    Pathways Travels knowingly, willfully, or in reckless disregard carried out this illegal

21  pattern or practice of failing to provide Moore and the other California Class Members compliant meal

22  and rest periods and associated premium pay.

23      254.    Accordingly, Moore and the other California Class Members are entitled to

24  compensation for Pathways Travels' failure to authorize, permit, and/or make available meal and rest

25  periods, plus interest, as well as attorney's fees and costs.

26  ///

27  ///

28

ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Moore v. Pathways In Education, Inc. d/b/a Pathways Travels*

<u>**COUNT IV**</u>
**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS UNDER CALIFORNIA LAW**
**(CALIFORNIA CLASS)**

255.    Moore incorporates all other paragraphs by reference.

256.    Moore brings his wage statement claim under the California Labor Code and IWC Wage Order(s) as a class action on behalf of himself and the other California Class Members pursuant to FED. R. CIV. P. 23.

257.    At all relevant times, Pathways Travels was subject to the Labor Code and applicable IWC Wage Order(s) because Pathways Travels was (and is) an "employer" within the meaning of the Labor Code and applicable IWC Wage Order(s).

258.    At all relevant times, Pathways Travels employed Moore and the other California Class Members as its covered "employees" within the meaning prescribed in the Labor Code and applicable IWC Wage Order(s).

259.    Labor Code § 226(a) provides:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

260.    The applicable IWC Wage Order(s) establish similar wage statement requirements.

261.    Labor Code § 226(e) provides:

ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Moore v. Pathways In Education, Inc. d/b/a Pathways Travels*

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

262. Moore and Day Rate Employees seek to recover actual damages, costs and attorneys' fees under this section.

263. As a result of its illegal practices, Pathways Travels does not provide timely, accurate itemized wage statements to Moore and the other California Class Members in violation of Labor Code § 226(a) and the applicable IWC Wage Order(s).

264. Specifically, the wage statements Pathways Travels provides do not accurately reflect the actual gross wages earned, the actual overtime wages earned, the actual double time wages earned, or the actual net wages earned.

265. Pathways Travels' unlawful conduct harmed Moore and the other California Class Members by depriving them of the accurate, itemized wage statements they are owed under California law.

266. Moore and California Class Members have been injured and/or harmed by Pathway Travels' wage statement violations because Pathway Travels' conduct in providing inaccurate wage statements prevented Moore and California Class Members from knowing whether, and to what extent, they had been underpaid by Pathway Travels.

267. Upon information and belief, Moore and California Class Members have lost out on the ability to recover unpaid wages and other compensatory damages, at least in part, due to relying on the inaccurate wage statements provided by Pathway Travels and wrongly believing they were being paid fully, thereby failing to take corrective action against Pathway Travels at an earlier time and losing out on a portion of their unpaid wages due and owing as a result of their applicable limitations period running.

268. Accordingly, Pathways Travels is liable to Moore and the other California Class Members for the amounts described above, plus interest.

269.     Finally, Moore and the other California Class Members are entitled to recover their reasonable attorney's fees and costs incurred in this action pursuant to Labor Code § 226(e).

<u>**COUNT V**</u>
**WAITING TIME PENALTIES UNDER CALIFORNIA LAW**
**(CALIFORNIA CLASS)**

270.     Moore incorporates all other paragraphs by reference.

271.     Moore brings his waiting time penalties claim under the California Labor Code and IWC Wage Order(s) as a class action on behalf of himself and the other California Class Members that have left their employment with Pathways Travels pursuant to FED. R. CIV. P. 23.

272.     At all relevant times, Pathways Travels was subject to the Labor Code and applicable IWC Wage Order(s) because Pathways Travels was (and is) an "employer" within the meaning of the Labor Code and applicable IWC Wage Order(s).

273.     At all relevant times, Pathways Travels employed Moore and the other California Class Members as its covered "employees" within the meaning prescribed in the Labor Code and applicable IWC Wage Order(s).

274.     Labor Code § 201 provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

275.     Labor Code § 202 provides: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

276.     Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

277.     Moore and other California Class Members left their employment with Pathways Travels during the statutory period, at which time Pathways Travels owed them unpaid wages.

278.    These earned, but unpaid, wages derive from the unpaid overtime and double time Pathways Travels owes Moore and other California Class Members.

279.    Pathways Travels willfully refused, and continues to refuse, to pay Moore and other California Class Members all wages due and owing to them, in the form of unpaid overtime pay and double time pay, upon the end of their employment as a result of Pathways Travels' illegal policies.

280.    Pathways Travels' unlawful conduct harmed Moore and other California Class Members by depriving them of the lost earnings and interest they are owed under California law.

281.    Accordingly, Pathways Travels is liable to Moore and other California Class Members for all penalties owing pursuant to Labor Code §§ 201-203.

282.    Additionally, Labor Code § 203 provides that an employee's wages will continue as a penalty up to 30 days from the time the wages were due.

283.    Therefore, Moore and other California Class Members are entitled to penalties pursuant to Labor Code § 203, plus interest.

### COUNT VI
### VIOLATION OF CALIFORNIA'S UCL
### (CALIFORNIA CLASS)

284.    Moore incorporates all other paragraphs by reference.

285.    Moore brings his UCL claim as a class action on behalf of himself and the other California Class Members pursuant to FED. R. CIV. P. 23.

286.    California Business and Professions Code § 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

287.    Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

288.    Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

289.    Beginning at an exact date unknown to Moore, but at least during the 4 years prior to the filing of this Complaint, Pathways Travels committed acts of unfair competition as defined by the UCL, be engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    a.    Violations of the FLSA pertaining to overtime wages;

    b.    Violations of the California Labor Code § 510 and IWC Wage Order 17-2001 pertaining to overtime and double time wages;

    c.    Violations of the California Labor Code §§ 226.7 and 512 and IWC Wage Orders 1 through 17-2001 regarding provision of meal and rest periods;

    d.    Violations of the California Labor Code § 226 pertaining to accurate, timely, itemized wage statements;

    e.    Violations of the California Labor Code §§ 201-203 pertaining to waiting time penalties;

    f.    Violations of the Colorado Wage Laws pertaining to minimum wages, overtime wages, and civil wage theft;

    g.    Violations of the DCMWA pertaining to overtime wages;

    h.    Violations of the DCWPCL pertaining to withheld wages; and

    i.    Violations of the IMWL pertaining to overtime wages;

290.    Pathways Travels' violations of these federal and state laws and regulations, as well as California's fundamental public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200, *et seq.*

291.    Pathways Travels' acts and practices described above constitute unfair, unlawful, and fraudulent business practices and unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq.*

292.    Among other things, Pathways Travels' acts and practices deprived Moore and the other California Class Members of wages rightfully earned by them, while enabling Pathways Travels to gain an unfair competitive advantage over law-abiding employers and competitors.

293.    Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

294.    Injunctive relief is necessary and appropriate to prevent Pathways Travels from repeating the unlawful, unfair, and fraudulent business acts and practices alleged in this Complaint.

295.    Pathways Travels' unlawful conduct harmed Moore and the other California Class Members by depriving them of money and property, in the form of unpaid wages which are due and payable to them.

296.    Business and Professions Code § 17203 authorizes the Court to restore any money or property which may have been acquired by means of such unfair competition to Moore and the other California Class Members.

297.    Moore and the other California Class Members are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from them during the 4-year period prior to the filing of this Complaint.

298.    Moore's success in this action will enforce important rights affecting the public interest.

299.    Therefore, Moore sues on behalf of himself as well as the other similarly situated California Class Members.

300.    Accordingly, Moore and the other California Class Members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

301.    Moore takes upon himself enforcement of these laws and lawful claims.

302.    There is a financial burden involved in pursuing this action, and the action is seeking to vindicate a public right and it would be against the interests of justice to penalize Moore by forcing him to pay attorney's fees from the recovery in this action.

303.    Thus, attorney's fees are appropriately awarded to Moore pursuant to Code of Civil Procedure § 1021.5 and otherwise.

<u>COUNT VII</u>
**FAILURE TO PAY OVERTIME WAGES UNDER COLORADO LAW**
**(COLORADO CLASS)**

304.    Moore incorporates all other paragraphs by reference.

305.    Moore brings his overtime claim under the CWCA and COMPS Order on behalf of himself and the other Colorado Class Members pursuant to FED. R. CIV. P. 23.

306.    Pathways Travels' conduct violates the CWCA, as implemented by the COMPS Order. *See* C.R.S. §§ 8-4-101, *et seq.*; C.C.R. 1103-1.

307.    At all relevant times, Pathways Travels was subject to the CWCA and the COMPS Order because Pathways Travels was (and is) an "employer" within the meaning of the CWCA and COMPS Order. *See* C.R.S. § 8-4-101(6); C.C.R. 1103-1(1.6).

308.    At all relevant times, Pathways Travels employed Moore and the other Colorado Class Members as its covered "employees" within the meaning of the CWCA and COMPS Order. *See* C.R.S. § 8-4-101(5); C.C.R. 1103-1(1.5).

309.    The COMPS Order requires employers, like Pathways Travels, to pay non-exempt employees, including Moore and the other Colorado Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked over 12 in a workday and 40 in a workweek. C.C.R. 1103-1(4.1.1).

310.    Moore and the other Colorado Class Members are entitled to overtime pay under the COMPS Order.

311.    Pathways Travels violated, and is violating, the COMPS Order by failing to pay Moore and the other Colorado Class Members overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked over 12 in a workday and 40 in a workweek. *See* C.C.R. 1103-1(4.1.1).

312.    Moore's and the other Colorado Class Members' earned, but unpaid, overtime wages may be recovered under the CWCA.

313. Pathways Travels' unlawful conduct harmed Moore and the other Colorado Class Members by depriving them of the overtime wages they are owed.

314. Accordingly, Pathways Travels owes Moore and the other Colorado Class Members their unpaid overtime wages plus an automatic penalty of two times the amount of the unpaid wages or $1,000, whichever is greater. *See* C.R.S. § 8-109(3); C.C.R. 1103-1(8.1).

315. Because Pathways Travels' failure to pay these overtime wages was willful, Pathways Travels is also liable to Moore and the other Colorado Class Members for treble damages in the amount of three times their unpaid overtime wages or $3,000, whichever is greater. *See* C.R.S. § 8-4-109(b)(II).

316. Finally, Moore and the other Colorado Class Members are entitled to recover their reasonable attorney's fees, costs, and expenses incurred in this action. *See* C.R.S. § 8-4-110; C.C.R. 1103-1(8.1).

### COUNT VIII
#### FAILURE TO PAY EARNED WAGES UNDER COLORADO LAW
#### (COLORADO CLASS)

317. Moore incorporates all other paragraphs by reference.

318. Moore brings his earned wages claim under the CWCA on behalf of himself and the other Colorado Class Members pursuant to FED. R. CIV. P. 23.

319. Pathways Travels' conduct violates the CWCA. *See* C.R.S. §§ 8-4-101, *et seq.*

320. At all relevant times, Pathways Travels was subject to the CWCA because Pathways Travels was (and is) an "employer" within the meaning of the CWCA. *See* C.R.S. § 8-4-101(6).

321. At all relevant times, Pathways Travels employed Moore and the other Colorado Class Members as its covered "employees" within the meaning of the CWCA. *See* C.R.S. § 8-4-101(5).

322. The CWCA requires employers, like Pathways Travels, to pay employees, including Moore and the other Colorado Class Members, all wages earned, due, and owing on their regular paydays and following termination of their employment. C.R.S. §§ 8-4-103(1)(a) and 8-4-109(1).

323.   Pathways Travels violated, and is violating, the CWCA by failing to pay Moore and the other Colorado Class Members all their wages earned on their regular paydays and/or following termination of their employment. *See* C.R.S. §§ 8-4-103(1)(a) and 8-4-109(1).

324.   Pathways Travels' unlawful conduct harmed Moore and the other Colorado Class Members by depriving them of the earned wages they are owed for work they performed.

325.   Accordingly, Pathways Travels owes Moore and the other Colorado Class Members their unpaid earned wages plus an automatic penalty of two times the amount of the unpaid wages or $1,000, whichever is greater. *See* C.R.S. § 8-4-109(3).

326.   Because Pathways Travels' failure to pay these earned wages was willful, Pathways Travels is also liable to Moore and the other Colorado Class Members for treble damages in the amount of three times their unpaid earned wages or $3,000, whichever is greater. *See* C.R.S. § 8-4-109(b)(II).

327.   Finally, Moore and the other Colorado Class Members are entitled to recover their reasonable attorney's fees, costs, and expenses incurred in this action. *See* C.R.S. § 8-4-110.

**COUNT IX**
**FAILURE TO PAY MINIMUM WAGES UNDER COLORADO LAW**
**(COLORADO CLASS)**

328.   Moore incorporates all other paragraphs by reference.

329.   Moore brings his minimum wages claim under the CMWA and COMPS Order on behalf of himself and the other Colorado Class Members pursuant to FED. R. CIV. P. 23.

330.   Pathways Travels' conduct violates the CMWA, as implemented by the COMPS Order. *See* C.R.S. §§ 8-6-101, *et seq.*

331.   At all relevant times, Pathways Travels was subject to the CMWA because Pathways Travels was (and is) an "employer" within the meaning of the CMWA.

332.   At all relevant times, Pathways Travels employed Moore and the other Colorado Class Members as its covered "employees" within the meaning of the CMWA.

333.   The CMWA and COMPS Order require employers, like Pathways Travels, to pay employees, including Moore and the other Colorado Class Members, no less than the minimum hourly

1   wage for all hours worked, including overtime pay for hours worked over 12 in a workday and 40 in

2   a workweek.

3        334.    Pathways Travels violated, and is violating, the CMWA and COMPS Order by failing

4   to pay Moore minimum wages in the form of unpaid overtime.

5        335.    Pathways Travels' unlawful conduct harmed Moore and the other Colorado Class

6   Members by depriving them of the minimum wages (including overtime) they are owed.

7        336.    Accordingly, Pathways Travels owes Moore and the other Colorado Class Members

8   their unpaid minimum wages (including unpaid overtime) plus interest on those amounts.

9        337.    Finally, Moore and the other Colorado Class Members are entitled to recover their

10   reasonable attorney's fees, costs, and expenses incurred in this action. *See* C.R.S. § 8-4-110.

11
12

**COUNT X**
**CIVIL THEFT OF WAGES UNDER COLORADO LAW**
**(COLORADO CLASS)**

13        338.    Moore incorporates all other paragraphs by reference.

14        339.    Moore brings his civil theft claim on behalf of himself and the other Colorado Class

15   Members pursuant to FED. R. CIV. P. 23.

16        340.    At all relevant times, Pathways Travels was subject to the CMWA because Pathways

17   Travels was (and is) an "employer" within the meaning of the CMWA.

18        341.    At all relevant times, Pathways Travels employed Moore and the other Colorado Class

19   Members as its covered "employees" within the meaning of the CMWA.

20        342.    Pathways Travels knew it failed to pay Moore and the other Colorado Class Members

21   minimum wages because Pathways Travels knew it did not pay Moore and the other Colorado Class

22   Members overtime for their overtime hours worked.

23        343.    Pathways Travels' knowing failure to pay minimum wages under the CMWA

24   constitutes civil theft pursuant to C.R.S. § 18-4-401. *See* C.R.S. § 8-6-116.

25        344.    Accordingly, Pathways Travels owes Moore and the other Colorado Class Members

26   treble damages and attorney's fees. *See* C.R.S. § 18-4-405.

27
28

-35-

ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Moore v. Pathways In Education, Inc. d/b/a Pathways Travels*

345.    Finally, Moore and the other Colorado Class Members are also entitled to recover their costs, statutory interest, and all other relief deemed appropriate by the Court. *See* C.R.S. § 18-4-405.

**COUNT XI**
**FAILURE TO PAY OVERTIME WAGES UNDER THE DC LAW**
**(DC CLASS)**

346.    Moore incorporates all other paragraphs by reference.

347.    Moore brings his overtime claim under the DCMWA on behalf of himself and the other DC Class Members pursuant to FED. R. CIV. P. 23.

348.    Pathways Travels' conduct violates the DCMWA. *See* D.C. Code §§ 32-1001, *et seq*.

349.    At all relevant times, Pathways Travels was subject to the DCMWA because Pathways Travels was (and is) an "employer" within the meaning of the DCMWA. *See* D.C. Code § 32-1002(3).

350.    At all relevant times, Pathways Travels employed Moore and the other DC Class Members as its covered "employees" within the meaning of the DCMWA. *See* D.C. Code § 32-1002(2).

351.    The DCMWA requires employers, like Pathways Travels, to pay non-exempt employees, including Moore and the other DC Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked over 40 in a workweek. D.C. Code § 32-1003(c).

352.    Moore and the other DC Class Members are entitled to overtime pay under the DCMWA.

353.    Pathways Travels violated, and is violating, the DCMWA by failing to pay Moore and the other DC Class Members overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked over 40 in a workweek. *See* D.C. Code § 32-1003(c).

354.    Pathways Travels' unlawful conduct harmed Moore and the other DC Class Members by depriving them of the overtime wages they are owed.

355.    Accordingly, Pathways Travels owes Moore and the other DC Class Members their unpaid overtime wages, statutory penalties, plus an additional amount as liquidated damages equal to treble the amount of the unpaid wages. *See* D.C. Code §§ 32-1012(b) and 32-1308(a).

356.    Finally, Moore and the other DC Class Members are entitled to recover their reasonable attorney's fees, costs, and expenses incurred in this action. *See* D.C. Code § 32-1308(a).

**C**OUNT **XII**
**F**AILURE TO **P**AY **E**ARNED **W**AGES **U**NDER THE **DC L**AW
**(DC C**LASS**)**

357.    Moore incorporates all other paragraphs by reference.

358.    Moore brings his earned wages claim under the DCWPCL on behalf of himself and the other DC Class Members pursuant to F**ED.** R. C**IV.** P. 23.

359.    Pathways Travels' conduct violates the DCWPCL. *See* D.C. Code §§ 32-1301, *et seq.*

360.    At all relevant times, Pathways Travels was subject to the DCWPCL because Pathways Travels was (and is) an "employer" within the meaning of the DCWPCL. *See* D.C. Code § 32-1301(1B).

361.    At all relevant times, Pathways Travels employed Moore and the other DC Class Members as its covered "employees" within the meaning of the DCWPCL. *See* D.C. Code § 32-1301(2).

362.    The DCWPCL requires employers, like Pathways Travels, to pay employees, including Moore and the other DC Class Members, all wages earned, due, and owing on their regular paydays and upon termination of their employment. D.C. Code §§ 32-1302 and 1303.

363.    Pathways Travels violated, and is violating, the DWPCL by failing to pay Moore and the other DC Class Members all their wages earned on their regular paydays and/or upon termination of their employment. *See* D.C. Code §§ 32-1302 and 1303.

364.    Pathways Travels' unlawful conduct harmed Moore and the other DC Class Members by depriving them of the earned wages they are owed for work they performed.

365.    Accordingly, Pathways Travels owes Moore and the other DC Class Members their unpaid earned wages, statutory penalties, plus an additional amount as liquidated damages equal to treble the amount of the unpaid wages. *See* D.C. Code § 32-1308(a).

366.    Finally, Moore and the other DC Class Members are entitled to recover their reasonable attorney's fees, costs, and expenses incurred in this action. *See* D.C. Code § 32-1308(a).

## COUNT XIII
### FAILURE TO PAY OVERTIME WAGES UNDER ILLINOIS LAW
#### (ILLINOIS CLASS)

367.    Moore incorporates all other paragraphs by reference.

368.    Moore brings his overtime claim under the IMWL as a class action on behalf of himself and the other Illinois Class Members pursuant to FED. R. CIV. P. 23.

369.    Pathways Travels' conduct violates the IMWL. *See* 820 ILCS 105/1, *et seq*.

370.    At all relevant times, Pathways Travels was subject to the IMWL because Pathways Travels was (and is) an "employer" within the meaning of the IMWL. *See* 820 ILCS 105/3(c).

371.    At all relevant times, Pathways Travels employed Moore and the other Illinois Class Members as its covered "employees" within the meaning of the IMWL. *See* 820 ILCS 105/3(d).

372.    The IMWL requires employers, like Pathways Travels, to pay non-exempt employees, including Moore and the other Illinois Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek. 820 ILCS 105/4a.

373.    Moore and the other Illinois Class Members are entitled to overtime wages under the IMWL.

374.    Pathways Travels violated, and is violating, the IMWL by failing to pay Moore and the other Illinois Class Members overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek. *See* 820 ILCS 105/4a.

375.    Pathways Travels' unlawful conduct harmed Moore and the other Illinois Class Members by depriving them of the overtime wages they are owed.

376.    Accordingly, Pathways Travels owes Moore and the other Illinois Class Members the difference between the rate paid and the proper overtime rate plus treble damages and monthly statutory damages at the rate of 5% per month in the amount of the underpayment. *See* 820 ILCS 105/12(a).

377.    Finally, Moore and the other Illinois Class Members are entitled to reorder their reasonable plus attorney's fees, costs, and expenses. *See* 820 ILCS 105/12(a).

/ / /

1

## RELIEF SOUGHT

2          WHEREFORE, Moore, individually and on behalf of the other Day Rate Employees, seeks the

3     following relief:

4          a.      An Order designating this lawsuit as a collective action pursuant to 29

5                  U.S.C. § 216(b) and authorizing notice to the Day Rate Employees allowing

6                  them to join this action by filing a written notice of consent;

7          b.      An Order certifying this lawsuit as a class action pursuant to FED. R. CIV. P.

8                  23;

9          c.      An Order appointing Moore and his counsel to represent the interests of the

10                 Day Rate Employees;

11         d.      For a declaratory judgment that Pathways Travels violated the FLSA, the

12                 California Labor Code, California Law, Colorado Wage Laws, Colorado

13                 Law, the DCMWA and DC Law, the IMWL and Illinois Law, and public

14                 policy as alleged herein;

15         e.      For a declaratory judgment that Pathways Travel violates California

16                 Business and Professions Code §§ 17200 et seq. as a result of the

17                 aforementioned violations of law;

18         f.      For preliminary, permanent, and mandatory injunctive relief prohibiting

19                 Pathways Travel, its officers, agents, and all those acting in concert with

20                 them from committing in the future those violations of law herein alleged;

21         g.      For an equitable accounting to identify, locate, and restore to all current and

22                 former employees the wages and other compensatory damages they are due,

23                 with interest thereon;

24         h.      An Order finding Pathways Travels liable to Moore and the other FLSA

25                 Collective Members for all unpaid overtime wages owed under the FLSA,

26                 plus liquidated damages in an amount equal to their unpaid wages;

27

28

i.  An Order finding Pathways Travels liable to Moore and the other California Class Members for their unpaid overtime wages, double time wages, liquidated damages, statutory damages, and any other penalties owed under the California Labor Code, the applicable IWC Wage Order(s), and the UCL;

j.  An Order finding Pathways Travels liable to Moore and the other Colorado Class Members for their unpaid overtime wages owed under the CWCA, an automatic penalty of the greater of two times the amount of the unpaid wages or compensation or $1,000, plus treble damages in the amount of three times their unpaid wages or $3,000, whichever is greater;

k.  An Order finding Pathways Travels liable to Moore and the other Colorado Class Members for their unpaid earned wages owed under the CWCA, an automatic penalty of the greater of two times the amount of the unpaid wages or compensation or $1,000, plus treble damages in the amount of three times their unpaid earned wages or $3,000, whichever is greater;

l.  An Order finding Pathways Travels liable to Moore and the other Colorado Class Members for their unpaid minimum wages (including overtime pay) owed under the CMWA, plus treble damages and interest;

m.  An Order finding Pathways Travels liable to Moore and the other DC Class Members for their unpaid overtime wages owed under the DCMWA, statutory penalties, plus an additional amount as liquidated damages equal to treble the amount of the unpaid wages;

n.  An Order finding Pathways Travels liable to Moore and the other DC Class Members for their unpaid earned wages owed under the DCWPCL, statutory penalties, plus an additional amount as liquidated damages equal to treble the amount of the unpaid wages;

ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT AND JURY DEMAND
*Moore v. Pathways In Education, Inc. d/b/a Pathways Travels*

o.    An Order finding Pathways Travels liable to Moore and the other Illinois Class Members for their unpaid overtime wages owed under the IMWL, plus treble damages and monthly statutory damages at the rate of 5% per month in the amount of the underpayment;

p.    A Judgment awarding Moore and the other Day Rate Employees all unpaid earned wages, overtime wages, double time wages, statutory penalties, liquidated damages, treble damages, and any other penalties available under the FLSA, California Labor Code, IWC Wage Orders, CMWA, CWCA, DCMWA, DCWPCL, and IMWL;

q.    An Order awarding attorney's fees, costs, and expenses;

r.    Pre- and post-judgment interest at the highest applicable rates; and

s.    Such other and further relief as may be necessary and appropriate.

Date: April 1, 2024                                  Respectfully submitted,

**JOSEPHSON DUNLAP LLP**

/s/ William M. Hogg
William M. Hogg (SBN 338196)

*Counsel for Moore and the Day Rate Employees*

**DEMAND FOR JURY TRIAL**

Moore hereby demands a jury trial on all claims and issues to which he and the other Day Rate Employees are entitled to a jury.

Date: April 1, 2024                                  Respectfully submitted,

**JOSEPHSON DUNLAP LLP**

/s/ William M. Hogg
William M. Hogg (SBN 338196)

*Counsel for Moore and the Day Rate Employees*